UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH MATSUMURA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 25-cv-04012-JD<br><br>**ORDER RE DISMISSAL** |

Pro se plaintiff Kenneth Matsumura filed a small claims complaint in the Alameda County Superior Court alleging that his car was hit by defendant Michael Nealy's truck, resulting in $2,334.41 in damages. Dkt. No. 1-1. The United States of America, "as substituted for federal defendant United States Postal Employee Michael Eugene Nealy," removed the case to this Court pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2679(d)(2), Dkt. No. 1, and has formally substituted into the case as the defendant in place of Nealy under the Westfall Act, 28 U.S.C. § 2679(b). Dkt. No. 5.

The United States has moved to dismiss Matsumura's complaint for lack of subject matter jurisdiction because Matsumura did not exhaust his administrative remedies prior to filing suit, as is required under the FTCA. Dkt. No. 9. As the ECF docket indicates and the United States has noted, Matsumura has not opposed the motion to dismiss. *See* Dkt. No. 18.

The unopposed motion is granted. "[T]he FTCA is the exclusive mode of recovery for the tort of a Government employee . . . ." *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 n.1 (9th Cir.1991) (internal quotation marks omitted). Administrative exhaustion is a jurisdictional prerequisite for filing a tort claim against the federal government. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted . . . unless the claimant shall have first presented the

1  claim to the appropriate Federal agency and his claim shall have been finally denied by the agency
2  in writing and sent by certified or registered mail.").

3      Matsumura's complaint does not allege that he first presented his tort claim to the
4  appropriate agency, *see* Dkt. No. 1-1, and he has not otherwise presented any evidence or
5  argument that he has done so. The United States has submitted a declaration stating that it has no
6  record of any claim filed by Matsumura against the United States Postal Service. *See* Dkt. No. 9-1
7  (Herbst Decl.).

8      Matsumura's claim against the United States is consequently dismissed without prejudice
9  for lack of subject matter jurisdiction. The hearing that was set for July 3, 2025, is vacated and the
10 case is closed.

11 **IT IS SO ORDERED.**

12 Dated: June 30, 2025

JAMES DONATO
United States District Judge